UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES EDWARDS,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HUMAN SERVICES, et al.<br><br>    Defendant. | Civil Action No.: 16-cv-5623 (PGS)<br><br>MEMORANDUM AND ORDER |

    The Department of Human Services, Division of Mental Health and Addictive Services, Elizabeth Connolly, and Valerie L. Mielke (collectively referred to as "Defendants"), files the instant motion seeking to dismiss all claims against them for failing to set forth a claim upon which relief may be granted ("Motion"). ECF No. 11.

    Plaintiff is a psychiatric patient at the Trenton Psychiatric Hospital, and is involuntarily committed there by reason of his insanity. Plaintiff alleges that under state statutes, he is entitled to a monthly allowance of $40, which the State has paid him in the past, but only when his own income at the hospital did not exceed $100 during a given month. Plaintiff further asserts that this alleged deprivation, when his income exceeded $100 per month, was done without any hearing or an opportunity to be heard and, as such, violates his due process rights.

    The Court initially administratively terminated the Motion, after granting an oral application for pro bono counsel from Plaintiff, until such time counsel may be appointed. *See* ECF No. 14. However, upon further consideration, the Court finds that the Complaint does not state a claim upon which relief may be granted, so the Court reinstates the Motion, vacates its prior order to appoint counsel, and dismisses the Complaint. *See* 28 U.S.C. § 1915(e)(2) (stating that in a case where the plaintiff has been granted *in forma pauperis* status, "the court shall dismiss the

case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]") (emphasis added).

## I. LEGAL STANDARD

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

## II. DISCUSSION

The core question in this case is whether Plaintiff has a protected right to the alleged $40 payment from the state. "A procedural due process claim is subject to a two-stage inquiry: (1) whether the plaintiff has a[n] . . . interest protected by procedural due process, and (2) what procedures constitute due process of law." *Fanti v. Weinstock*, 629 F. App'x 325, 330 (3d Cir. 2015); *Huertas v. Sec'y Pa. Dep't. of Corr.*, 553 F. App'x 64, 66 (3d Cir. 2013) ("Procedural due process rights are triggered by deprivation of a legally cognizable . . . interest."). If Plaintiff does not have a protected interest in the $40, he cannot succeed on his due process claim.

In the Motion, Defendants explain the state statutes in question. According to Defendants, Defendants, the statutes in question concern New Jersey's implementation of the Medicaid program, the program that is paying for the cost of Plaintiff's medical treatments. As prescribed by federal law, a state Medicaid program is entitled to offset a patient's income before any payment is made to cover the cost of medical treatments. However, federal law also provides for

"allowances" that should not count as income, one of which is called a "personal needs allowance" ("PNA"), defined as "reasonable in amount for clothing and other personal needs of the individual while in an institution[.]" 42 U.S.C. § 1396a(q)(1)(A)(i). The minimum amount of this PNA is $30. 42 U.S.C. § 1396a(q)(2). In essence, patients are entitled to keep a minimum portion of their income for personal needs, while the rest must be used to pay for their medical treatment.

The state statutes in question, from which Plaintiff's claims are derived, make references to this allowance. *See* N.J.S.A. § 30:4D-6a (stating that certain individual eligible for Medicaid services "is entitled to a $35.00 monthly personal needs allowance"); N.J.S.A. § 30:4-68.2 (stating that certain individual "who is a recipient of . . . State assistance . . . shall be entitled to a $35.00 monthly personal needs allowance"). Defendants contend that the PNA referenced in these statutes corresponds exactly to the one mandated by federal law. Thus, the "allowance" is not so much an affirmative obligation to provide Plaintiff with a minimum income, but merely a mandatory offset that the state must exclude when calculating what portion of Plaintiff's income should be used to pay for his medical costs. Plaintiff has filed no opposition to dispute this argument.

I find Defendant's argument persuasive. Indeed, the committee statement for N.J.S.A. § 30:4D-6a specifically states the statute's purpose is to ensure that the allowance "is not counted as income" and deducted from payment. *See* Senate Revenue, Finance and Appropriations Committee Statement, N.J.S.A. § 30:4D-6a. There is no reference in these statutes regarding any affirmative payment the state must make to Plaintiff. Therefore, I am unsure why Plaintiff has been receiving $40 from the state in those months when his income did not exceed $100, but it is clear the source of that income is not the statutes asserted in the Complaint. As such, the Complaint fails to identify the source of his alleged property right in the $40 in question, and Plaintiff's claims against all defendants are dismissed for failure to state a claim upon which relief may be granted. Although Defendant Jennifer Valez is not a party to the instant Motion, the claim

claim against her is dismissed under 28 U.S.C. § 1915(e)(2). In the interest of justice, Plaintiff is afforded 30 days to amend the Complaint, to identify the source of this $40 income, and to explain why such income is entitled to due process protection.

## ORDER

**IT IS** on this 10th day of March, 2017;

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 11, is hereby **REINSTATED**, and is hereby **GRANTED**; it is further

**ORDERED** that the Court's prior order directing the Clerk to identify pro bono counsel, ECF No. 14, is hereby **VACATED**; it is further

**ORDERED** that the Complaint is dismissed without prejudice, and Plaintiff may amend the Complaint within 30 days; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail, and shall **CLOSE** the file.

_____
PETER G. SHERIDAN, U.S.D.J.